## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50117 | **DATE** | 12/27/2012 |
| **CASE TITLE** | Taylor v. Chandler, et al. | | |

**DOCKET ENTRY TEXT:**

Defendants' motion for summary judgment [47] is denied. However, the court will schedule a <u>Pavey</u> hearing for February 20, 2013 at 9:30 a.m. to determine the exhaustion issue on the merits. Richard Shane Porter, Esq., 100 Park Avenue, P.O Box 1389, Rockford, IL 61105-1389 is appointed to act as plaintiff's counsel for the purposes of the <u>Pavey</u> hearing only.

■[ For further details see text below.]

Docketing to mail notices.

---

Plaintiff, Oscar Taylor, initiated this suit against defendants, Warden Nedra Chandler, Assistant Warden Dirk Dusing, Travis Hantke, and Sergeant Jenkins, all of whom are employees at the Dixon Correctional Facility ("Dixon"), alleging that defendants were deliberately indifferent to his medical needs by failing to adequately respond to a broken jaw Taylor suffered at Dixon following an altercation with another inmate. Currently before the court is defendants' motion for summary judgment alleging that Taylor failed to exhaust his available administrative remedies pursuant to 42 U.S.C. § 1997e(a) before filing his suit. For the reasons that follow, this court will deny the motion for summary judgment and instead order a hearing pursuant to <u>Pavey v. Conley</u>, 544 F.3d 739 (7th Cir. 2008) to determine the exhaustion issue on the merits.

### I. BACKGROUND

On May 15, 2008, Taylor was involved in an altercation with another inmate and, according to his opposition to the motion to summary judgment, suffered a broken jaw. Defendants Dusing and Jenkins were called to the scene and took Taylor to the prison's medical facilities, where he was seen by defendant Hantke, a nurse. Hantke allegedly informed Taylor that if he was capable of speaking then his jaw was not injured, and Taylor was taken by Jenkins to solitary confinement. According to Taylor, despite repeated requests for medical assistance, including speaking to both Warden Chandler and Assistant Warden Dusing, Taylor was not provided with any medical help for his jaw until he was taken to the hospital six days later.[1]

Taylor initiated the instant suit under 42 U.S.C. § 1983, alleging that defendants deprived him of his Eighth Amendment right to be free of cruel and unusual punishment caused by deliberate indifference to his medical needs. Defendants filed a motion for summary judgment arguing that Taylor failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a) because the Illinois Department of Corrections ("IDOC") has no record of Taylor ever initiating a grievance concerning the medical treatment received for his jaw. Taylor argues that he did attempt to initiate the grievance procedure, but that the employees at Dixon failed to process them. Taylor offers his own sworn complaint, and copies of two grievances dated May 18, 2008 and May 21, 2008 allegedly filed at Dixon, although they lack any indication from prison officials that they were

received.

## II. ANALYSIS

"Although a prisoner must properly exhaust the administrative remedies within the prison before suing over prison conditions, he need exhaust only the remedies 'available' to him." Schaefer v. Bezy, 336 F. App'x 558, 560 (7th Cir. 2009) (citations omitted). Where prison officials fail to respond to grievances, the inmate has done all that he can to exhaust the "available" remedies and he has satisfied the requirements of § 1997e(a). Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002). Taylor, in his verified complaint, swears that he filed multiple grievances with the prison to which he never received a response. Defendants, on the other hand, allege that the IDOC has no record of any grievances, presumably, they argue, because Taylor failed to file one.

In short, then, this issue comes down to a swearing match: Taylor claims he filed grievances on the instant matter which were ignored and defendants offer evidence that he did not. In the event that, as here, exhaustion is factually contested, the Seventh Circuit has set out a specific set of steps for the court to follow:

> The sequence to be followed in a case in which exhaustion is contested is therefore as follows: (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies.

Pavey, 544 F.3d at 742. The Seventh Circuit also warned that "in the ordinary case discovery with respect to the merits should be deferred until the issue of exhaustion is resolved." Id. Accordingly, this court will deny defendants' motion as there is a genuine issue of material fact concerning the exhaustion issue, schedule a Pavey hearing for February 20, 2013, and stay any other discovery in the case until after the court has completed its consideration of the exhaustion requirement. See Richmond v. Dart, No. 11 C 65, 2012 WL 6138751, at *5 (N.D. Ill. Dec. 11, 2012) ("Because defendants have moved for summary judgment, the key point is that they have failed to show the absence of a genuine issue of material fact on the question of failure to exhaust. Because defendants bear the burden on the issue of exhaustion, they are not entitled to summary judgment on this point. Rather, the Court will hold a Pavey hearing to resolve the exhaustion issue."). The court will also appoint Richard Shane Porter, Esq., 100 Park Avenue, P.O. Box 1389, Rockford, IL 61105-1389 as counsel solely for the purpose of aiding Taylor at the Pavey hearing.

## III. CONCLUSION

Because the motion for summary judgment based on failure to exhaust administrative remedies is factually contested by the parties, this court will deny the motion, and instead schedule a Pavey hearing on the matter.

---

1. Although defendants contest many of the allegations in this first paragraph, the court must construe the facts in the non-movant's favor for the purposes of the instant motion.